## EXHIBIT 2 TO ORDER

## Confirmation Hearing Notice

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| | ) |
| JHT HOLDINGS, INC., et al., | ) Case No. 08-11267 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### NOTICE OF (A) HEARING TO CONFIRM PLAN OF REORGANIZATION, (B) OBJECTION AND VOTING DEADLINES, (C) SOLICITATION AND VOTING PROCEDURES, AND (D) CERTAIN OTHER INFORMATION

**SECOND AMENDED DISCLOSURE STATEMENT AND REVISED SOLICITATION PROCEDURES APPROVED.**

On August 22, 2008, the United States Bankruptcy Court for the District of Delaware (the "Court") entered that certain *Order (A) Approving Disclosure Statement, (B) Fixing the Voting Record Date, (C) Approving Solicitation and Voting Procedures With Respect to Debtors' Chapter 11 Plan, (D) Approving Form of Solicitation Package and Notices, and (E) Scheduling Certain Dates in Connection Therewith* (the "Disclosure Statement Order").

On September [__], 2008, the Court entered that certain *Order Approving Second Amended Disclosure Statement and Solicitation Procedures* (the "Amended Disclosure Statement Order"). In the Amended Disclosure Statement Order, among other things, the Court approved the above-captioned Debtors' *Disclosure Statement for the Debtors' Second Amended Joint Plan of Reorganization* (the "Second Amended Disclosure Statement") for the Debtors' proposed *Second Amended Joint Plan of Reorganization* thereto as Exhibit A (as amended, modified or supplemented from time to time, the "Second Amended Plan"), as containing adequate information, as required under section 1125(a) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and authorized the Debtors to solicit acceptances of the Second Amended Plan.[1]

**HEARING TO CONFIRM THE SECOND AMENDED PLAN.**

The Court has fixed **October 7, 2008 at 10:00 a.m. (prevailing Eastern time)** (the "Confirmation Hearing Date"), or as soon thereafter as counsel may be heard, as the date and time for the hearing to consider confirmation of the Second Amended Plan (the "Confirmation Hearing"). The Confirmation Hearing will be before the Honorable Brendan Linehan Shannon, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Sixth Floor, Wilmington, Delaware. The Confirmation Hearing

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Second Amended Plan or the Second Amended Disclosure Statement, as applicable.

may be continued from time to time by announcing such continuance in open court or in the agenda for such hearing, and the Second Amended Plan may be further modified, if necessary, pursuant to 11 U.S.C. § 1127 prior to, during, or as a result of the Confirmation Hearing, without further notice to parties-in-interest.

**AMENDED PLAN OBJECTION DEADLINE.**

The Court has fixed **September 29, 2008, at 4:00 p.m., (prevailing Eastern time)** (the "Amended Plan Objection Deadline") as the deadline for filing and serving objections to confirmation of the Second Amended Plan. To be considered, objections, if any, to the Second Amended Plan must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; (c) state the name and address of the objecting party and the amount and nature of such claim or interest of such party against or in the Debtors, their estates, or their property; (d) state with particularity the legal and factual bases and nature of any objection to the Second Amended Plan, including specific reference to the text of the Second Amended Plan to which the objection is made and, if practicable, proposed modification to the Second Amended Plan that would resolve such objection; and (e) be filed, together with proof of service, with the Court and served by personal service, overnight delivery, first class mail or facsimile, so that they are RECEIVED no later than the Amended Plan Objection Deadline by the following parties (the "Notice Parties"):

| Debtors | Counsel to the Debtors |
|---|---|
| JHT Holdings, Inc.<br>10801 Corporate Drive<br>Pleasant Prairie, WI 53158<br>Attn: Christopher Reehl | Kaye Scholer LLC<br>70 West Madison Street, Suite 4100<br>Chicago, IL 60602<br>Attn: D. Tyler Nurnberg<br><br>-and-<br><br>Pepper Hamilton LLP<br>Hercules Plaza, Suite 5100<br>1313 Market Street<br>P.O. Box 1709<br>Wilmington, DE 19899-1709<br>Attn: David B. Stratton |
| US Trustee | Counsel to the Committee |
| United States Trustee for the District of Delaware<br>844 King Street, Suite 2207<br>Lockbox 35<br>Wilmington, Delaware 19801<br>Attn: Richard Shepacarter | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 36th Floor<br>New York, NY 10017-2024<br>Attn: Robert Feinstein<br><br>-and-<br><br>Pachulski Stang Ziehl & Jones LLP |

| | 919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705<br>Attn:  Bruce Grohsgal |
|---|---|
| <u>Voting Agent</u><br><br>JHT Holdings Inc.<br>c/o Administar Services Group LLC<br>8475 Western Way, Suite 110<br>Jacksonville, FL 32256<br><br><br>Counsel to the 2008 Lenders, including in their capacity as 2006 Lenders and Postpetition Lenders <u>(as defined in the Postpetition Credit Agreement)</u><br><br>Haynes and Boone, LLP<br>1221 Avenue of the Americas, 26th Floor<br>New York, New York 10020<br>Attn:  Lenard M. Parkins<br>          Thomas A. Howley<br><br>          -and-<br><br>Polsinelli Shalton Flanigan Suelthaus PC<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801<br>Attn:  Christopher Ward | <u>Counsel to the Debtors' Prepetition Agent and Postpetition Agent</u><br><br>Weil Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Attn:  Gary Holtzer<br><br>          -and-<br><br>Weil, Gotshal & Manges LLP<br>700 Louisiana Avenue, Suite 1600<br>Houston, TX 77002<br>Attn:  Sylvia A. Mayer<br><br>          -and-<br><br>Reed Smith LLP<br>12 Market Street, Suite 1500<br>Wilmington, DE 19801<br>Attn:  Kurt F. Gwynne |

## VOTING RECORD DATE.

August 22, 2008 is the record date (the "<u>Voting Record Date</u>") for purposes of determining which parties are entitled to vote on the Second Amended Plan.

## AMENDED VOTING DEADLINE.

**September 29, 2008 at 4:00 p.m. (prevailing Eastern time)** is the voting deadline (the "<u>Amended Voting Deadline</u>").  All Ballots must be received by the Voting Agent by the Amended Voting Deadline.  Voting Instructions will be sent with the ballots.

## EXCULPATORY, INJUNCTIVE AND RELEASE PROVISIONS.

The following are summaries of the exculpatory injunctive and release provisions that the Debtors will be seeking under the Second Amended Plan:

**Exculpation And Limitation Of Liability - Section 12.06 of the Second Amended Plan**

None of the Reorganized Debtors, Prepetition Agents, Prepetition Lenders, DIP Agent, DIP Lenders, Exit Agents, Exit Lenders, or the Committee and the members of the Committee (solely in their capacity as members of the Committee) shall have or incur any liability to any Holder of a Claim or an Interest for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, negotiation of the Second Amended Disclosure Statement or the Second Amended Plan, the solicitation of acceptances of the Second Amended Plan, the pursuit of confirmation of the Second Amended Plan, the consummation of the Second Amended Plan, or the administration of the Second Amended Plan or the property to be distributed under the Second Amended Plan, except for their gross negligence or willful misconduct, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Second Amended Plan.

Notwithstanding any other provision of the Second Amended Plan, no Holder of a Claim or Interest, no other party in interest, none of their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, and no successors or assigns of the foregoing, shall have any right of action against the Reorganized Debtors, Prepetition Agents, Prepetition Lenders, DIP Agent, DIP Lenders, Exit Agents, Exit Lenders, or the Committee and the members of the Committee (solely in their capacity as members of the Committee), for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the solicitation of acceptances of the Second Amended Plan, the pursuit of Confirmation of the Second Amended Plan, the consummation of the Second Amended Plan, or the administration of the Second Amended Plan or the property to be distributed under the Second Amended Plan, except for their gross negligence or willful misconduct.

**Permanent Injunction - Section 12.07 of the Second Amended Plan**

Except as otherwise expressly provided in the Second Amended Plan or the Confirmation Order, all entities who have held, hold or may hold Claims against, or Interests in, the Debtors will be permanently enjoined, on and after the Effective Date, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Interest, (ii) the enforcement, attachment, collection, or recovery by any manner or means of judgment, award, decree or order against the Debtors on account of any such Claim or Interest, (iii) creating, perfecting, or enforcing any encumbrance of any kind against the Debtors or against the property or interests in property of the Debtors on account of any such Claim or Interest, and (iv) asserting any right of setoff or subrogation of any kind against any obligation due from the Debtors or against the property or interests in property of the Debtors on account of any such Claim or Interest. The foregoing injunction will extend to successors of the Debtors (including, without limitation, the Reorganized Debtors) and their respective properties and interests in property.

**Releases by the Debtors - Section 12.08 of the Second Amended Plan**

As of the Effective Date, the Debtors, the Reorganized Debtors and any successors shall be deemed to forever release, waive and discharge all claims and obligations in connection with or related to the Debtors or the Reorganized Debtors, the Chapter 11 Cases or the Second Amended Plan that are based on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date and in any way relating to the Debtors, Reorganized Debtors or any successors or their property, the Chapter 11 Cases, the Second Amended Plan, the Prepetition Agents, the Prepetition Lenders, the DIP Agent, the DIP Lenders, the Exit Agents or the Exit Lenders that may be asserted by or on behalf of the Debtors or the Reorganized Debtors against the Prepetition Agents, the Prepetition Lenders, the DIP Agent, the DIP Lenders, the Exit Agents, the Exit Lenders or the Committee or its members (solely in their capacity as members of the Committee), and any successors or their property, provided, however, that such releases shall not operate as a waiver or release of any causes of action arising out of (x) any express contractual obligation owing by any such manager, member, director, officer, or employee, agent, financial advisor, representative, affiliate, attorney or professional, or (y) the willful misconduct, gross negligence, intentional fraud or criminal conduct of such persons.

**Releases by the Committee, Holders of Claims and Interests - Section 12.09 of the Second Amended Plan**

Effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, the Committee, its members, each Holder of a Claim (including a Prepetition Advance Claim, Prepetition Facilities Claim and a DIP Facility Claim) or Interest that votes in favor of the Second Amended Plan (or is deemed to accept the Second Amended Plan), and to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each Holder of a Claim or Interest that does not vote to accept the Second Amended Plan, shall be deemed to unconditionally, forever release, waive and discharge all Claims, Interests, and causes of action in connection with or related to the recapitalization and restructuring efforts undertaken by the Debtors, the Chapter 11 Cases, the Second Amended Plan that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Reorganized Debtors and any successors, the Chapter 11 Cases, the Second Amended Plan, the Prepetition Agents, the Prepetition Lenders, the DIP Agent, the DIP Lenders, the Exit Agents or the Exit Lenders against (i) the Debtors, the Reorganized Debtors and any successors, (ii) the Debtors' present and former managers, members, directors, officers, employees, agents, financial advisors, attorneys and professionals, (iii) the Prepetition Agents and their successors and assigns and advisors, (iv) the Prepetition Lenders and each of their successors and assigns, (v) the DIP Agent and its successors and assigns, and (vi) the DIP Lenders and their successors and assigns, (vii) the Exit Agents and their successors and assigns, and (viii) the Exit Lenders and their successors and assigns; provided, however, that the foregoing shall not waive or release any causes of action arising out of (x) any express contractual obligations owing by any such manager, member, director, officer, employee, agent, financial advisor, attorney or professional of the Debtors, the Reorganized Debtors and any successors, or (y) the willful misconduct, gross negligence, intentional fraud or criminal conduct of such persons.

**COPIES OF SOLICITATION PACKAGE MATERIALS, INCLUDING SECOND AMENDED DISCLOSURE STATEMENT AND SECOND AMENDED PLAN.**

The Second Amended Plan, Second Amended Disclosure Statement, Disclosure Statement Order, Amended Disclosure Statement Order and all other materials in the Debtors' Solicitation Package (other than Ballots) may be obtained from the website at http://cases.administarllc.com/JHTHolding or by contacting the Debtors' Voting Agent in writing at JHT Holdings Inc., c/o Administar Services Group LLC, P.O. Box 56636, Jacksonville, FL 32241-6636 or JHT Holdings Inc., c/o Administar Services Group LLC, 8475 Western Way, Suite 110, Jacksonville, FL 32256, calling (866) 890-0607 or sending an email to notice@administarllc.com with the subject line of "JHT Holdings."

Dated: September [___], 2008
      Wilmington, Delaware

Respectfully submitted,

PEPPER HAMILTON LLP

_____
David B. Stratton (DE No. 960)
Evelyn J. Meltzer (DE No. 4581)
Leigh-Anne M. Raport (DE No. 5055)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: 302.777.6500
Facsimile: 302.421.8390

-and-

KAYE SCHOLER LLC
Michael B. Solow
D. Tyler Nurnberg
Heath D. Rosenblat
Andrea Johnson Frost
70 West Madison Street, Suite 4100
Chicago, IL 60602
Telephone: 312.583.2300
Facsimile: 312.583.2360

*Attorneys for the Debtors and
Debtors in Possession*

## EXHIBIT 3 TO ORDER

### Non-Voting Notice – Unimpaired

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JHT HOLDINGS, INC., et al., | ) Case No. 08-11267 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### NOTICE OF NON-VOTING STATUS WITH RESPECT TO
### UNIMPAIRED CLASSES DEEMED TO ACCEPT THE
### SECOND AMENDED PLAN AND UNCLASSIFIED CLAIMS

**PLEASE TAKE NOTICE** that on August 22, 2008, the United States Bankruptcy Court for the District of Delaware (the "Court") entered that certain *Order (A) Approving Disclosure Statement, (B) Fixing the Voting Record Date, (C) Approving Solicitation and Voting Procedures With Respect to Debtors' Chapter 11 Plan, (D) Approving Form of Solicitation Package and Notices, and (E) Scheduling Certain Dates in Connection Therewith* (the "Disclosure Statement Order").

On September [__], 2008, the Court entered that certain *Order Approving Second Amended Disclosure Statement and Solicitation Procedures* (the "Amended Disclosure Statement Order"). In the Amended Disclosure Statement Order, among other things, the Court approved the above-captioned Debtors' *Disclosure Statement for the Debtors' Second Amended Joint Plan of Reorganization* (the "Second Amended Disclosure Statement") for the Debtors' proposed *Second Amended Joint Plan of Reorganization* thereto as Exhibit A (as amended, modified or supplemented from time to time, the "Second Amended Plan"), as containing adequate information, as required under section 1125(a) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and authorized the Debtors to solicit acceptances of the Second Amended Plan.[1]

**THE SECOND AMENDED PLAN, SECOND AMENDED DISCLOSURE STATEMENT, DISCLOSURE STATEMENT ORDER, AMENDED DISCLOSURE STATEMENT ORDER AND ALL OTHER MATERIALS IN THE DEBTORS' SOLICITATION PACKAGE (OTHER THAN BALLOTS) MAY BE OBTAINED FROM THE DEBTORS' WEBSITE AT HTTP://CASES.ADMINISTARLLC.COM/JHTHOLDING OR BY CONTACTING THE DEBTORS' VOTING AGENT IN WRITING AT JHT HOLDINGS INC., C/O ADMINISTAR SERVICES GROUP LLC, P.O. BOX 56636, JACKSONVILLE, FL 32241-6636 OR JHT HOLDINGS INC., C/O ADMINISTAR SERVICES GROUP LLC, 8475 WESTERN WAY, SUITE 110, JACKSONVILLE, FL 32256, CALLING (866)**

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Second Amended Plan or the Second Amended Disclosure Statement, as applicable.

890-0607 OR SENDING AN EMAIL TO NOTICE@ADMINISTARLLC.COM WITH THE SUBJECT LINE OF "JHT HOLDINGS."

YOU ARE RECEIVING THIS NOTICE BECAUSE UNDER THE TERMS OF THE SECOND AMENDED PLAN, EITHER: (A) YOUR CLAIM(S) AGAINST, OR INTEREST(S) IN, THE DEBTORS ARE UNIMPAIRED AND, THEREFORE, IN ACCORDANCE WITH SECTION 1126(f) OF THE UNITED STATES BANKRUPTCY CODE, YOU ARE (I) DEEMED TO HAVE ACCEPTED THE SECOND AMENDED PLAN AND (II) NOT ENTITLED TO VOTE ON THE SECOND AMENDED PLAN; OR (B) YOUR CLAIMS ARE UNCLASSIFIED PURSUANT TO SECTION 1123(a)(1) OF THE BANKRUPTCY CODE AND THEREFORE YOU ARE NOT ENTITLED TO VOTE ON THE SECOND AMENDED PLAN. ACCORDINGLY, THIS NOTICE AND THE *"NOTICE OF (A) HEARING TO CONFIRM THE PLAN OF REORGANIZATION, (B) OBJECTION AND VOTING DEADLINES, (C) SOLICITATION AND VOTING PROCEDURES, AND (D) CERTAIN OTHER INFORMATION"* ARE BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.

ALTHOUGH YOU ARE NOT ENTITLED TO VOTE ON THE SECOND AMENDED PLAN WITH RESPECT TO YOUR UNIMPAIRED CLAIM(S), YOU ARE A PARTY-IN-INTEREST IN THE DEBTORS' CHAPTER 11 CASES.

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR INTEREST(S), YOU SHOULD CONTACT THE DEBTORS' VOTING AGENT AT THE ADDRESS, EMAIL ADDRESS OR TELEPHONE NUMBER SET FORTH ABOVE.**

Dated: September [__], 2008         Respectfully submitted,
       Wilmington, Delaware

PEPPER HAMILTON LLP

_____
David B. Stratton (DE No. 960)
Evelyn J. Meltzer (DE No. 4581)
Leigh-Anne M. Raport (DE No. 5055)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: 302.777.6500
Facsimile: 302.421.8390

-and-

KAYE SCHOLER LLC
Michael B. Solow
D. Tyler Nurnberg
Heath D. Rosenblat
Andrea Johnson Frost
70 West Madison Street, Suite 4100
Chicago, IL 60602
Telephone: 312.583.2300
Facsimile: 312.583.2360

*Attorneys for the Debtors and
Debtors in Possession*

29067676.DOC

3

## EXHIBIT 4 TO ORDER

### Non-Voting Notice – Impaired

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JHT HOLDINGS, INC., et al., | ) | Case No. 08-11267 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO IMPAIRED CLASSES DEEMED TO REJECT THE SECOND AMENDED PLAN

**PLEASE TAKE NOTICE** that on August 22, 2008, the United States Bankruptcy Court for the District of Delaware (the "Court") entered that certain *Order (A) Approving Disclosure Statement, (B) Fixing the Voting Record Date, (C) Approving Solicitation and Voting Procedures With Respect to Debtors' Chapter 11 Plan, (D) Approving Form of Solicitation Package and Notices, and (E) Scheduling Certain Dates in Connection Therewith* (the "Disclosure Statement Order").

On September [__], 2008, the Court entered that certain *Order Approving Second Amended Disclosure Statement and Solicitation Procedures* (the "Amended Disclosure Statement Order"). In the Amended Disclosure Statement Order, among other things, the Court approved the above-captioned Debtors' *Disclosure Statement for the Debtors' Second Amended Joint Plan of Reorganization* (the "Second Amended Disclosure Statement") for the Debtors' proposed *Second Amended Joint Plan of Reorganization* thereto as Exhibit A (as amended, modified or supplemented from time to time, the "Second Amended Plan"), as containing adequate information, as required under section 1125(a) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and authorized the Debtors to solicit acceptances of the Second Amended Plan.[1]

**THE SECOND AMENDED PLAN, SECOND AMENDED DISCLOSURE STATEMENT, DISCLOSURE STATEMENT ORDER, AMENDED DISCLOSURE STATEMENT ORDER AND ALL OTHER MATERIALS IN THE DEBTORS' SOLICITATION PACKAGE (OTHER THAN BALLOTS) MAY BE OBTAINED FROM THE DEBTORS' WEBSITE AT HTTP://CASES.ADMINISTARLLC.COM/JHTHOLDING OR BY CONTACTING THE DEBTORS' VOTING AGENT IN WRITING AT JHT HOLDINGS INC., C/O ADMINISTAR SERVICES GROUP LLC, P.O. BOX 56636, JACKSONVILLE, FL 32241-6636 OR JHT HOLDINGS INC., C/O ADMINISTAR SERVICES GROUP LLC, 8475 WESTERN WAY, SUITE 110, JACKSONVILLE, FL 32256, CALLING (866)**

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed in the Second Amended Plan or the Second Amended Disclosure Statement, as applicable.

890-0607 OR SENDING AN EMAIL TO NOTICE@ADMINISTARLLC.COM WITH THE SUBJECT LINE OF "JHT HOLDINGS."

YOU ARE RECEIVING THIS NOTICE BECAUSE UNDER THE TERMS OF THE SECOND AMENDED PLAN, YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF YOUR CLAIM(S) AGAINST, OR INTEREST(S) IN, THE DEBTORS AND, THEREFORE, IN ACCORDANCE WITH SECTION 1126(g) OF THE UNITED STATES BANKRUPTCY CODE, YOU ARE (I) DEEMED TO HAVE REJECTED THE SECOND AMENDED PLAN AND (II) NOT ENTITLED TO VOTE ON THE SECOND AMENDED PLAN.  ACCORDINGLY, THIS NOTICE AND THE *"NOTICE OF (A) HEARING TO CONFIRM THE PLAN OF REORGANIZATION, (B) OBJECTION AND VOTING DEADLINES, (C) SOLICITATION AND VOTING PROCEDURES, AND (D) CERTAIN OTHER INFORMATION"* ARE BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.

ALTHOUGH YOU ARE NOT ENTITLED TO VOTE ON THE SECOND AMENDED PLAN WITH RESPECT TO YOUR UNIMPAIRED CLAIM(S), YOU MAY BE A PARTY-IN-INTEREST IN THE DEBTORS' CHAPTER 11 CASES.

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR INTEREST(S), YOU SHOULD CONTACT THE DEBTORS' VOTING AGENT AT THE ADDRESS, EMAIL ADDRESS OR TELEPHONE NUMBER SET FORTH ABOVE.**

Dated:  September [__], 2008
Wilmington, Delaware

Respectfully submitted,

PEPPER HAMILTON LLP

_____

David B. Stratton (DE No. 960)
Evelyn J. Meltzer (DE No. 4581)
Leigh-Anne M. Raport (DE No. 5055)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:  302.777.6500
Facsimile:  302.421.8390

-and-

KAYE SCHOLER LLC
Michael B. Solow
D. Tyler Nurnberg
Heath D. Rosenblat
Andrea Johnson Frost
70 West Madison Street, Suite 4100
Chicago, IL 60602
Telephone:  312.583.2300
Facsimile:  312.583.2360

*Attorneys for the Debtors and
Debtors in Possession*

29067676.DOC

3

## EXHIBIT 5 TO ORDER

### Ballot – Class 2-Prepetition Facilities Claims

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE COURT.

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JHT HOLDINGS, INC., et al., | ) Case No. 08-11267 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### BALLOT FOR ACCEPTING OR REJECTING THE DEBTORS' SECOND AMENDED JOINT PLAN OF REORGANIZATION

### CLASS 2 - PREPETITION FACILITIES CLAIMS

### RECORD DATE FOR VOTING:  AUGUST 22, 2008

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR ACCEPTANCE OR REJECTION OF THE SECOND AMENDED PLAN.**

THIS BALLOT IS ACCOMPANIED BY A POSTAGE PRE-PAID RETURN ENVELOPE THAT IS ADDRESSED TO THE DEBTORS' VOTING AGENT, ADMINISTAR SERVICES GROUP, LLC (THE "VOTING AGENT").  THIS BALLOT MUST BE RECEIVED BY THE VOTING AGENT BY 4:00 P.M. (PREVAILING EASTERN TIME), ON OR BEFORE SEPTEMBER 29, 2008 (THE "AMENDED VOTING DEADLINE").  IF YOUR BALLOT IS NOT RECEIVED BY THE AMENDED VOTING DEADLINE, THE DEBTORS SHALL REJECT SUCH BALLOT AS INVALID.  IF THE SECOND AMENDED PLAN IS CONFIRMED BY THE COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[1] have filed the Debtors' *Second Amended Joint Plan of Reorganization* (the "Second Amended Plan"). The United States Bankruptcy Court for the District of Delaware (the "Court") has approved the *Disclosure Statement for the Debtors' Second Amended Joint Plan of Reorganization* (the "Second Amended Disclosure Statement"), which provides information to assist you in whether to accept or reject the Second Amended Plan.

All capitalized terms used in the Ballot or in these instructions but not otherwise defined herein shall have the meaning ascribed to such terms in the *Order (A) Approving Disclosure Statement; (B) Fixing a Voting Record Date; (C) Approving Solicitation and Voting Procedures with Respect to Debtors' Plan of Reorganization; (D) Approving Form of Solicitation Package and Notices; and (E) Scheduling Certain Dates in Connection Therewith* (the "Disclosure Statement Order"), the *Order Approving Second Amended Disclosure Statement and Solicitation Procedures* (the "Amended Disclosure Statement Order"), the Second Amended Disclosure Statement, or the Second Amended Plan, as the case may be.

This Ballot is being sent to you because our records indicate that you are a Holder of an Allowed Class 2 Prepetition Facilities Claim as of August 22, 2008 (the "Voting Record Date"), and, accordingly, you have a right to vote to accept or reject the Debtors' Second Amended Plan.

The Court has approved the Second Amended Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code. Court approval of the Second Amended Disclosure Statement does not indicate approval of the Second Amended Plan by the Court. If you believe you have received this Ballot in error, please contact the Voting Agent in writing at JHT Holdings Inc., c/o Administar Services Group LLC, P.O. Box 56636, Jacksonville, FL 32241-6636 or JHT Holdings Inc., c/o Administar Services Group LLC, 8475 Western Way, Suite 110, Jacksonville, FL 32256, by calling (866) 890-0607, or by sending an email to notice@administarllc.com with the subject line of "JHT Holdings."

*You should carefully and thoroughly review the Second Amended Disclosure Statement and the Second Amended Plan before you vote. You may wish to seek legal advice concerning the Second Amended Plan and its classification and treatment of your Claim under the Second Amended Plan. Your Claim has been placed in Class 2 Prepetition Facilities Claims. All Persons receiving Ballots with respect to Class 2 Prepetition Facilities Claims should return completed Ballots in accordance with the instructions set forth therein.*

---

[1] The Debtors are JHT Holdings, Inc. ("Holdings"), its parent, JHT Acquisition Corp., and the following fifteen (15) direct or indirect subsidiaries of Holdings: (i) Automotive Carrier Services Co. LLC; (ii) Auto Truck Transport Corp.; (iii) Active Truck Transport LLC f/k/a JHT Transport LLC; (iv) Active Acquisition Corp.; (v) Active USA, Inc.; (vi) Unimark LLC f/k/a Unimark Carhaul LLC; (vii) Unimark Truck Transport, Inc.; (viii) Unimark Lowboy Transportation, Inc.; (ix) Unimark Carhaul, Inc. f/k/a Unimark Services, Inc.; (x) ATC Leasing Company LLC; (xi) Equipment Transfer LLC; (xii) HJT Acquisition Corp.; (xiii) BO Properties, Inc.; (xiv) Safety Carrier, Inc.; and (xv) Johnson-Houston Travel LLC.

## PART I.    WHO SHOULD USE THIS BALLOT; HOW TO USE THIS BALLOT

This Ballot is to be used by the Holders of Class 2 Prepetition Facilities Claims. This Ballot may not be used for any purpose other than casting votes to accept or reject the Second Amended Plan. This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a claim.

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE BALLOT CAREFULLY. THIS BALLOT IS ACCOMPANIED BY A PRE-ADDRESSED, POSTAGE-PRE-PAID RETURN ENVELOPE. YOUR VOTE MUST BE RECEIVED BY THE VOTING AGENT BY 4:00 P.M. (PREVAILING EASTERN TIME), ON OR BEFORE THE AMENDED VOTING DEADLINE, SEPTEMBER 29, 2008.**

## PART II.    ITEMS ON THE BALLOT

### Item 1. Amount of Prepetition Facilities Claim in Class 2 under the Second Amended Plan.

The undersigned certifies that as of the Voting Record Date, August 22, 2008, the undersigned was the holder of a Class 2 Prepetition Facilities Claim in the amount of $_____.

### Item 2. Prepetition Facilities Claim Vote.

**THE DEBTORS AND COMMITTEE RECOMMEND THAT YOU VOTE TO ACCEPT THE SECOND AMENDED PLAN.**

The undersigned, the holder of a Class 2 Prepetition Facilities Claim set forth in Item 1, votes to (please check one):

☐    ACCEPT (votes FOR) the Second Amended Plan.

☐    REJECT (votes AGAINST) the Second Amended Plan.

### Item 3. Disclosures and Certifications.

### DISCLOSURES

(i)    A Holder of a Class 2 Prepetition Facilities Claim is required to cast the same vote on every Ballot completed by such person or entity with respect to such Class 2 Prepetition Facilities Claim;

(ii)    Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots are cast voting the same claim prior to the Amended Voting Deadline, the Ballot dated latest, but received prior to the Amended Voting Deadline, will be deemed to reflect the voter's intent, and thus, to supersede any prior Ballots, without prejudice to the Debtors' right to object to the validity of the latest Ballot, if otherwise in compliance with the provisions set forth herein, on

any basis permitted by law, including under Bankruptcy Rule 3018(a) and, if the objection is sustained, to count the first Ballot for all purposes;

(iii)     (a) The Debtors have made available to all creditors entitled to vote on the Second Amended Plan or their authorized agents all of the Solicitation Package materials, and (b) the Solicitation Package materials are the only materials that creditors are entitled to rely on with respect to the Second Amended Plan; and

(iv)     All authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

## CERTIFICATIONS

Upon execution of this Ballot, the Holder of the Class 2 Prepetition Facilities Claims identified in Item 1 above certifies that:

(i)     As of the Voting Record Date, August 22, 2008, either (a) such person or entity is the Holder of the Class 2 Prepetition Facilities Claims in the aggregate amount indicated in Item 1 or (b) such person or entity is an authorized signatory for the person or entity which is the Holder of the Class 2 Prepetition Facilities Claims in the aggregate amount indicated in Item 1;

(ii)     Such person or entity (or in the case of an authorized signatory, the Holder) is eligible to be treated as the Holder of such Class 2 Prepetition Facilities Claims in Item 1 for the purposes of voting on the Second Amended Plan; and

(iii)     Such person or entity (or in the case of an authorized signatory, the Holder) has reviewed and understands the disclosures in the section titled "Disclosures" immediately above.

Name of Creditor:_____
(Print or Type)

Signature:_____

By (If Other Than Creditor):_____

Title (If Appropriate):_____

Social Security or Federal Tax I.D. No. (Optional):_____

Date Completed:_____

Telephone Number:_____

Street Address:_____

City, State and Zip Code:_____

☐ *Please check here if the above address is a Change of Address that you would like reflected in the Master Mailing List for the Chapter 11 Cases.*

## PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT PROMPTLY.

### THIS BALLOT MUST BE RECEIVED BY:

**If by U.S. Mail:**

JHT Holdings Inc. Ballot Processing Center
c/o Administar Services Group LLC
P.O. Box 56636
Jacksonville, FL 32241-6636

**If by Courier/Hand Delivery:**

JHT Holdings Inc. Ballot Processing Center
c/o Administar Services Group LLC
8475 Western Way, Suite 110
Jacksonville, FL 32256

### BY 4:00 P.M. (PREVAILING EASTERN TIME) ON OR BEFORE SEPTEMBER 29, 2008, OR YOUR VOTE WILL *NOT* BE COUNTED.

### PLEASE MAKE SURE YOU HAVE PROVIDED *ALL* INFORMATION REQUESTED BY THIS BALLOT.

## VOTING INSTRUCTIONS

1.  The Debtors are soliciting the votes of holders of Class 2 Prepetition Facilities Claims described in the Second Amended Disclosure Statement and Second Amended Plan. **The Second Amended Disclosure Statement, Second Amended Plan, Disclosure Statement Order, Amended Disclosure Statement Order and certain other materials contained in the Debtors' Solicitation Package are included in the packet you are receiving with this Ballot. These materials, and all other Solicitation Package materials, are also available for viewing by accessing the website http://cases.administarllc.com/JHTHolding or by contacting the Debtors' Voting Agent in writing at JHT Holdings Inc., c/o Administar Services Group LLC, P.O. Box 56636, Jacksonville, FL 32241-6636 or JHT Holdings Inc., c/o Administar Services Group LLC, 8475 Western Way, Suite 110, Jacksonville, FL 32256, calling (866) 890-0607, or sending an email to notice@administarllc.com with the subject line of "JHT Holdings."**

2.  All capitalized terms used in this Ballot or in these instructions but not otherwise defined herein shall have the meaning ascribed to them in the Second Amended Disclosure Statement, the Second Amended Plan, the Disclosure Statement Order, or the Amended Disclosure Statement Order, as the case may be.

3.  The Second Amended Plan can be confirmed by the Court, and therefore made binding on all holders, if it is accepted by the holders of two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each impaired class voting on the Second Amended Plan.

4.  To ensure that your vote is counted, you must complete and return this Ballot as follows: (a) indicate your decision either to accept or reject the Second Amended Plan in the boxes provided in Item 2 of the Ballot, and (b) review the Disclosures and Certifications in Item 3 and sign and return the Ballot in the enclosed pre-addressed, postage pre-paid envelope so that it is **ACTUALLY RECEIVED** by the Voting Agent by the Amended Voting Deadline, September 29, 2008 at 4:00 p.m. (prevailing Eastern Time).

5.  If a Ballot is received after the Amended Voting Deadline, it will not be counted. The method of delivery of a Ballot to the Voting Agent is at the election and risk of each entity. Except as otherwise provided herein, such delivery will be deemed made only when the original executed Ballot is **ACTUALLY RECEIVED** by the Voting Agent. Sufficient time should be allowed to assure timely delivery. Delivery of a Ballot by facsimile transmission, e-mail or any other electronic means will not be valid. **This Ballot should not be sent to the Debtors, any of their agents (other than the Voting Agent) or the Debtors' financial or legal advisors.**

6.  You must vote all of your Claims within a particular Second Amended Plan class either to accept or reject the Second Amended Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Second Amended Plan will not be counted.

7.   Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots are cast voting the same claim prior to the Amended Voting Deadline, the Ballot dated latest, but received prior to the Amended Voting Deadline, will be deemed to reflect the voter's intent, and thus, to supersede any prior Ballots, without prejudice to the Debtors' right to object to the validity of the latest Ballot, if otherwise in compliance with the provisions set forth herein, on any basis permitted by law, including under Bankruptcy Rule 3018(a) and, if the objection is sustained, to count the first Ballot for all purposes.

8.   The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Second Amended Plan.

9.   This Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a claim or equity interest.

10.  The following Ballots shall not be counted in determining the acceptance or rejection of the Second Amended Plan: (i) any Ballot received after the Amended Voting Deadline, even if postmarked prior to the Amended Voting Deadline; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the creditor; (iii) any Ballot that indicates neither acceptance nor rejection or that indicates both acceptance and rejection of the Second Amended Plan; (iv) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Second Amended Plan; (v) any unsigned Ballot; (vi) any form of Ballot other than the official form sent by the Voting Agent or a copy thereof; (vii) any Ballot sent to the Voting Agent by facsimile or other electronic means; and (viii) any copy of a Ballot without an original signature.

11.  In tabulating votes, the following hierarchy shall be used to determine the claim amount associated with each creditor's vote:

     •   The claim amount settled and/or agreed upon by the Debtors prior to the Amended Voting Deadline, as reflected in a court pleading, stipulation, agreement or other document filed with the Court, in an Order entered by the Court, or in a document executed by the Debtors; provided, however, that such claim amount may be settled and/or agreed upon solely for purposes of voting and not for allowance of the underlying claim;

     •   The claim amount set forth in a proof of claim filed prior to the Voting Record Date, provided, however, that Ballots cast by creditors whose claims are not listed on the Debtors' schedules, but who file proofs of claim which contain unliquidated or unknown amounts that are not the subject of an objection filed before the Amended Voting Deadline, will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code, and the claim will count in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code; provided, further, that to the extent the Debtors dispute the claim amount set forth in the proof of claim, the claimant's vote will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code, and the claim will count in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section

1126(c) of the Bankruptcy Code unless the claim is temporarily allowed by the Court under Bankruptcy Rule 3018(a) for voting purposes, after notice and a hearing prior to the Confirmation Hearing; and provided, further, that to the extent the claim amount set forth in the proof of claim is different from the claim amount set forth in a court pleading, stipulation, agreement, or other document filed with the Court as referenced above, the claim amount in the court pleading, stipulation, agreement, or other document filed with the Court shall supersede the claim amount set forth in the respective proof of claim;

- The claim amount listed in the Debtors' schedules, provided that such claim is not scheduled as contingent or disputed or unliquidated and has not been paid;

- If the claim amount listed in the Debtors' schedules is contingent or disputed or unliquidated, the creditor's vote will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code, and the claim will count in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, unless the claim is temporarily allowed by the Court under Bankruptcy Rule 3018(a) for voting purposes, after notice and a hearing prior to the Confirmation Hearing;

- In the absence of any of the foregoing, zero.

The claim amount established pursuant to this paragraph 11 shall control for voting purposes only, and shall not constitute the allowed amount of any claim.

12.     Creditors seeking temporary allowance of their claims for voting purposes must serve on the Debtors and file with the Court, a motion for order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance for voting purposes. Such Rule 3018(a) Motion, with evidence in support thereof. It shall be the responsibility of each creditor filing a Rule 3018(a) Motion to schedule a hearing on such Rule 3018(a) Motion to occur not less than ten (10) days prior to the Confirmation Hearing.

13.     Please be sure to sign and date your Ballot. If you are signing the Ballot as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors, or the Court, must submit proper evidence satisfactory to the requesting party to so act on behalf of the Holder of the Claim. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached, to the Ballot.

14.     Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Voting Agent. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

15.    Unless otherwise directed by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors in their sole discretion which determination shall be final and binding.

16.    If you have any questions regarding the Ballot, please contact the Voting Agent immediately.

17.    No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots accepting the Second Amended Plan.

**PLEASE DELIVER YOUR BALLOT PROMPTLY.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THESE VOTING INSTRUCTIONS, PLEASE CONTACT THE VOTING AGENT.**

## EXHIBIT 6 TO ORDER

### Ballot – Class 5-General Unsecured Creditors

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE COURT.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JHT HOLDINGS, INC., et al., | ) Case No. 08-11267 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### BALLOT FOR ACCEPTING OR REJECTING THE DEBTORS' SECOND AMENDED JOINT PLAN OF REORGANIZATION

### CLASS 5 - GENERAL UNSECURED CLAIMS

### RECORD DATE FOR VOTING: AUGUST 22, 2008

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR ACCEPTANCE OR REJECTION OF THE SECOND AMENDED PLAN.**

THIS BALLOT IS ACCOMPANIED BY A POSTAGE PRE-PAID RETURN ENVELOPE THAT IS ADDRESSED TO THE DEBTORS' VOTING AGENT, ADMINISTAR SERVICES GROUP, LLC (THE "VOTING AGENT"). THIS BALLOT MUST BE RECEIVED BY THE VOTING AGENT BY 4:00 P.M. (PREVAILING EASTERN TIME), ON OR BEFORE SEPTEMBER 29, 2008 (THE "AMENDED VOTING DEADLINE"). IF YOUR BALLOT IS NOT RECEIVED BY THE AMENDED VOTING DEADLINE, THE DEBTORS SHALL REJECT SUCH BALLOT AS INVALID. IF THE SECOND AMENDED PLAN IS CONFIRMED BY THE COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[1] have filed the Debtors' *Second Amended Joint Plan of Reorganization* (the "Second Amended Plan"). The United States Bankruptcy Court for the District of Delaware (the "Court") has approved the *Disclosure Statement for the Debtors' Second Amended Joint Plan of Reorganization* (the "Second Amended Disclosure Statement"), which provides information to assist you in whether to accept or reject the Second Amended Plan.

All capitalized terms used in the Ballot or in these instructions but not otherwise defined herein shall have the meaning ascribed to such terms in the *Order (A) Approving Disclosure Statement; (B) Fixing a Voting Record Date; (C) Approving Solicitation and Voting Procedures with Respect to Debtors' Plan of Reorganization; (D) Approving Form of Solicitation Package and Notices; and (E) Scheduling Certain Dates in Connection Therewith* (the "Disclosure Statement Order"), the *Order Approving Second Amended Disclosure Statement and Solicitation Procedures* (the "Amended Disclosure Statement Order"), the Second Amended Disclosure Statement, or the Second Amended Plan, as the case may be.

This Ballot is being sent to you because either our records indicate that you are a Holder of Class 5 General Unsecured Claim as of August 22, 2008 (the "Voting Record Date") or you have filed a proof of claim asserting a claim that would be classified in Class 5, and, accordingly, you have a right to vote to accept or reject the Debtors' Second Amended Plan.

The Court has approved the Second Amended Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code. Court approval of the Second Amended Disclosure Statement does not indicate approval of the Second Amended Plan by the Court. If you believe you have received this Ballot in error, please contact the Voting Agent in writing at JHT Holdings Inc., c/o Administar Services Group LLC, P.O. Box 56636, Jacksonville, FL 32241-6636 or JHT Holdings Inc., c/o Administar Services Group LLC, 8475 Western Way, Suite 110, Jacksonville, FL 32256, by calling (866) 890-0607, or by sending an email to notice@administarllc.com with the subject line of "JHT Holdings."

*You should carefully and thoroughly review the Second Amended Disclosure Statement and the Second Amended Plan before you vote. You may wish to seek legal advice concerning the Second Amended Plan and its classification and treatment of your Claim. Your Claim has been placed in Class 5 General Unsecured Claims under the Second Amended Plan. All Persons receiving Ballots with respect to Class 5 General Unsecured Claims should return completed Ballots in accordance with the instructions set forth therein.*

---

[1]    The Debtors are JHT Holdings, Inc. ("Holdings"), its parent, JHT Acquisition Corp., and the following fifteen (15) direct or indirect subsidiaries of Holdings: (i) Automotive Carrier Services Co. LLC; (ii) Auto Truck Transport Corp.; (iii) Active Truck Transport LLC f/k/a JHT Transport LLC; (iv) Active Acquisition Corp.; (v) Active USA, Inc.; (vi) Unimark LLC f/k/a Unimark Carhaul LLC; (vii) Unimark Truck Transport, Inc.; (viii) Unimark Lowboy Transportation, Inc.; (ix) Unimark Carhaul, Inc. f/k/a Unimark Services, Inc.; (x) ATC Leasing Company LLC; (xi) Equipment Transfer LLC; (xii) HJT Acquisition Corp.; (xiii) BO Properties, Inc.; (xiv) Safety Carrier, Inc.; and (xv) Johnson-Houston Travel LLC.

**PART III.    WHO SHOULD USE THIS BALLOT; HOW TO USE THIS BALLOT**

This Ballot is to be used by the Holders of Class 5 General Unsecured Claims. This Ballot may not be used for any purpose other than casting votes to accept or reject the Second Amended Plan. This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a claim.

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE BALLOT CAREFULLY. THIS BALLOT IS ACCOMPANIED BY A PRE-ADDRESSED, POSTAGE-PRE-PAID RETURN ENVELOPE. YOUR VOTE MUST BE RECEIVED BY THE VOTING AGENT BY 4:00 P.M. (PREVAILING EASTERN TIME), ON OR BEFORE THE AMENDED VOTING DEADLINE, SEPTEMBER 29, 2008.**

**PART IV.    ITEMS ON THE BALLOT**

**Item 1.  Amount of General Unsecured Claim in Class 5 under the Second Amended Plan.**

The undersigned certifies that as of the Voting Record Date, August 22, 2008, the undersigned was the holder of a Class 5 General Unsecured Claim in the amount of $_____.

**Item 2.  General Unsecured Claim Vote.**

**THE DEBTORS AND COMMITTEE RECOMMEND THAT YOU VOTE TO ACCEPT THE SECOND AMENDED PLAN.**

The undersigned, the holder of a Class 5 General Unsecured Claim set forth in Item 1, votes to (please check one):

☐    <u>ACCEPT</u> (votes FOR) the Second Amended Plan.

☐    <u>REJECT</u> (votes AGAINST) the Second Amended Plan.

**Item 3.  Disclosures and Certifications.**

<u>**DISCLOSURES**</u>

(i)    A Holder of a Class 5 General Unsecured Claim is required to cast the same vote on every Ballot completed by such person or entity with respect to such Class 5 General Unsecured Claim;

(ii)    Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots are cast voting the same claim prior to the Amended Voting Deadline, the Ballot dated latest, but received prior to the Amended Voting Deadline, will be deemed to reflect the voter's intent, and thus, to supersede any prior Ballots, without prejudice to the Debtors' right to object to the validity of the latest Ballot, if otherwise in compliance with the provisions set forth herein, on

any basis permitted by law, including under Bankruptcy Rule 3018(a) and, if the objection is sustained, to count the first Ballot for all purposes;

(iii)    (a) The Debtors have made available to all creditors entitled to vote on the Second Amended Plan or their authorized agents all of the Solicitation Package materials, and (b) the Solicitation Package materials are the only materials that creditors are entitled to rely on with respect to the Second Amended Plan; and

(iv)    All authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

## CERTIFICATIONS

Upon execution of this Ballot, the Holder of the Class 5 General Unsecured Claim identified in Item 1 above certifies that:

(i)    As of the Voting Record Date, August 22, 2008, either (a) such person or entity is the Holder of the Class 5 General Unsecured Claim in the aggregate amount indicated in Item 1 or (b) such person or entity is an authorized signatory for the person or entity which is the Holder of the Class 5 General Unsecured Claim in the aggregate amount indicated in Item 1;

(ii)    Such person or entity (or in the case of an authorized signatory, the Holder) is eligible to be treated as the Holder of such Class 5 General Unsecured Claim in Item 1 for the purposes of voting on the Second Amended Plan; and

(iii)    Such person or entity (or in the case of an authorized signatory, the Holder) has reviewed and understands the disclosures in the section titled "Disclosures" immediately above.

Name of Creditor:_____

(Print or Type)

Signature:_____

By (If Other Than Creditor):_____

Title (If Appropriate):_____

Social Security or Federal Tax I.D. No. (Optional):_____

Date Completed:_____

Telephone Number:_____

Street Address:_____

City, State and Zip Code:_____

☐ *Please check here if the above address is a Change of Address that you would like reflected in the Master Mailing List for the Chapter 11 Cases.*

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT PROMPTLY.**

**THIS BALLOT MUST BE RECEIVED BY:**

**If by U.S. Mail:**

JHT Holdings Inc. Ballot Processing Center
c/o Administar Services Group LLC
P.O. Box 56636
Jacksonville, FL  32241-6636

**If by Courier/Hand Delivery:**

JHT Holdings Inc. Ballot Processing Center
c/o Administar Services Group LLC
8475 Western Way, Suite 110
Jacksonville, FL  32256

**BY 4:00 P.M. (PREVAILING EASTERN TIME) ON OR BEFORE SEPTEMBER 29, 2008, OR YOUR VOTE WILL *NOT* BE COUNTED.**

**PLEASE MAKE SURE YOU HAVE PROVIDED *ALL* INFORMATION REQUESTED BY THIS BALLOT.**

## VOTING INSTRUCTIONS

1. The Debtors are soliciting the votes of holders of Class 5 General Unsecured Claims described in the Second Amended Disclosure Statement and Second Amended Plan. **The Second Amended Disclosure Statement, Second Amended Plan, Disclosure Statement Order, Amended Disclosure Statement Order and certain other materials contained in the Debtors' Solicitation Package are included in the packet you are receiving with this Ballot. These materials, and all other Solicitation Package materials, are also available for viewing by accessing the website http://cases.administarllc.com/JHTHolding or by contacting the Debtors' Voting Agent in writing at JHT Holdings Inc., c/o Administar Services Group LLC, P.O. Box 56636, Jacksonville, FL 32241-6636 or JHT Holdings Inc., c/o Administar Services Group LLC, 8475 Western Way, Suite 110, Jacksonville, FL 32256, calling (866) 890-0607, or sending an email to notice@administarllc.com with the subject line of "JHT Holdings."**

2. All capitalized terms used in this Ballot or in these instructions but not otherwise defined herein shall have the meaning ascribed to them in the Second Amended Disclosure Statement, the Second Amended Plan, the Disclosure Statement Order, or the Amended Disclosure Statement Order, as the case may be.

3. The Second Amended Plan can be confirmed by the Court, and therefore made binding on all holders, if it is accepted by the holders of two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each impaired class voting on the Second Amended Plan.

4. To ensure that your vote is counted, you must complete and return this Ballot as follows: (a) indicate your decision either to accept or reject the Second Amended Plan in the boxes provided in Item 2 of the Ballot, and (b) review the Disclosures and Certifications in Item 3 and sign and return the Ballot in the enclosed pre-addressed, postage pre-paid envelope so that it is **ACTUALLY RECEIVED** by the Voting Agent by the Amended Voting Deadline, September 29, 2008 at 4:00 p.m. (prevailing Eastern Time).

5. If a Ballot is received after the Amended Voting Deadline, it will not be counted. The method of delivery of a Ballot to the Voting Agent is at the election and risk of each entity. Except as otherwise provided herein, such delivery will be deemed made only when the original executed Ballot is **ACTUALLY RECEIVED** by the Voting Agent. Sufficient time should be allowed to assure timely delivery. Delivery of a Ballot by facsimile transmission, e-mail or any other electronic means will not be valid. **This Ballot should not be sent to the Debtors, any of their agents (other than the Voting Agent) or the Debtors' financial or legal advisors.**

6. You must vote all of your Claims within a particular Second Amended Plan class either to accept or reject the Second Amended Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Second Amended Plan will not be counted.

7.      Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots are cast voting the same claim prior to the Amended Voting Deadline, the Ballot dated latest, but received prior to the Amended Voting Deadline, will be deemed to reflect the voter's intent, and thus, to supersede any prior Ballots, without prejudice to the Debtors' right to object to the validity of the latest Ballot, if otherwise in compliance with the provisions set forth herein, on any basis permitted by law, including under Bankruptcy Rule 3018(a) and, if the objection is sustained, to count the first Ballot for all purposes.

8.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Second Amended Plan.

9.      This Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a claim or equity interest.

10.     The following Ballots shall not be counted in determining the acceptance or rejection of the Second Amended Plan: (i) any Ballot received after the Amended Voting Deadline, even if postmarked prior to the Amended Voting Deadline; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the creditor; (iii) any Ballot that indicates neither acceptance nor rejection or that indicates both acceptance and rejection of the Second Amended Plan; (iv) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Second Amended Plan; (v) any unsigned Ballot; (vi) any form of Ballot other than the official form sent by the Voting Agent or a copy thereof; (vii) any Ballot sent to the Voting Agent by facsimile or other electronic means; and (viii) any copy of a Ballot without an original signature.

11.     In tabulating votes, the following hierarchy shall be used to determine the claim amount associated with each creditor's vote:

•       The claim amount settled and/or agreed upon by the Debtors prior to the Amended Voting Deadline, as reflected in a court pleading, stipulation, agreement or other document filed with the Court, in an Order entered by the Court, or in a document executed by the Debtors; provided, however, that such claim amount may be settled and/or agreed upon solely for purposes of voting and not for allowance of the underlying claim;

•       The claim amount set forth in a proof of claim filed prior to the Voting Record Date, provided, however, that Ballots cast by creditors whose claims are not listed on the Debtors' schedules, but who file proofs of claim which contain unliquidated or unknown amounts that are not the subject of an objection filed before the Amended Voting Deadline, will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code, and the claim will count in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code; provided, further, that to the extent the Debtors dispute the claim amount set forth in the proof of claim, the claimant's vote will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code, and the claim will count in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section

1126(c) of the Bankruptcy Code unless the claim is temporarily allowed by the Court under Bankruptcy Rule 3018(a) for voting purposes, after notice and a hearing prior to the Confirmation Hearing; and provided, further, that to the extent the claim amount set forth in the proof of claim is different from the claim amount set forth in a court pleading, stipulation, agreement, or other document filed with the Court as referenced above, the claim amount in the court pleading, stipulation, agreement, or other document filed with the Court shall supersede the claim amount set forth in the respective proof of claim;

- The claim amount listed in the Debtors' schedules, provided that such claim is not scheduled as contingent or disputed or unliquidated and has not been paid;

- If the claim amount listed in the Debtors' schedules is contingent or disputed or unliquidated, the creditor's vote will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code, and the claim will count in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, unless the claim is temporarily allowed by the Court under Bankruptcy Rule 3018(a) for voting purposes, after notice and a hearing prior to the Confirmation Hearing;

- In the absence of any of the foregoing, zero.

The claim amount established pursuant to this paragraph 11 shall control for voting purposes only, and shall not constitute the allowed amount of any claim.

12.   Creditors seeking temporary allowance of their claims for voting purposes must serve on the Debtors and file with the Court, a motion for order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance for voting purposes. Such Rule 3018(a) Motion, with evidence in support thereof. It shall be the responsibility of each creditor filing a Rule 3018(a) Motion to schedule a hearing on such Rule 3018(a) Motion to occur not less than ten (10) days prior to the Confirmation Hearing.

13.   Please be sure to sign and date your Ballot. If you are signing the Ballot as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors, or the Court, must submit proper evidence satisfactory to the requesting party to so act on behalf of the Holder of the Claim. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached, to the Ballot.

14.   Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Voting Agent. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of

defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

15. Unless otherwise directed by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors in their sole discretion which determination shall be final and binding.

16. If you have any questions regarding the Ballot, please contact the Voting Agent immediately.

17. No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots accepting the Second Amended Plan.

### PLEASE DELIVER YOUR BALLOT PROMPTLY.

### IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THESE VOTING INSTRUCTIONS, PLEASE CONTACT THE VOTING AGENT.

## **EXHIBIT 7 TO ORDER**

### **Committee Support Letter**

To:   General Unsecured Creditors
In the JHT Holdings Bankruptcy Case
(*Class 5 under the JHT Holdings Plan*)

**Re:**    **In re JHT Holdings, Inc., et al., Case No. 08-11267**

Dear General Unsecured Creditors of JHT Holdings, Inc. and Affiliated Debtors:

As the Official Committee of Unsecured Creditors[1] (the "Committee") appointed by the Office of the United States Trustee to represent the interests of general unsecured creditors of JHT Holdings, Inc. and 17 of its affiliates who also filed for relief under chapter 11 of the Bankruptcy Code (collectively, the "Debtors") in their bankruptcy case, we are writing to you with respect to the Debtors' Plan of Reorganization and Disclosure Statement (each dated August 29, 2008), which you are receiving from JHT Holdings in the same package as this letter.[2]

Under the Plan, the Debtors will convert a substantial portion of their secured debt into new stock of the Reorganized Debtors and, upon emerging from bankruptcy, will continue to operate their businesses with debt levels appropriate to their operational capacity. General unsecured creditors will receive their pro rata share of cash as described below. The Committee's goal has been to maximize values for holders of general unsecured claims in light of relevant risks, ensure fairness in the processes employed, and facilitate the Debtors' prompt emergence from chapter 11.

Before voting, all creditors are strongly urged to carefully read and review in their entirety the Plan and the Disclosure Statement, and all other documents submitted to you. The treatment provisions for Class 5 are set forth in Section 3.04(b) of the Plan. Summary information regarding recoveries for Class 5, including recovery estimates, are set forth in Section 3.01(e)(ii) of the Disclosure Statement.

The Committee actively negotiated with the Debtors and their secured lenders regarding the terms of the Plan, including the recoveries to be provided to general unsecured creditors. Under the Plan, Class 5 creditors will receive their pro rata share of a cash fund of $1,350,000, less any allowed fees and expenses of the Committee's professionals incurred from and after August 30, 2008, which are expected to be modest.

The Committee believes that, under the circumstances, the Plan provides the best possible recoveries to creditors, its acceptance is in the best interests of all creditors, and any alternative would result in unnecessary delay, uncertainty, and expense.

---

[1] The Committee members are: Central States, Southeast and Southwest Areas Pension and Health and Welfare Fund, International Association of Machinists and Aerospace Workers, Teamsters National Automobile Transporters Industry Neg. Comm., and J & J Drive-Away, Inc. The Committee retained the law firm of Pachulski Stang Ziehl & Jones LLP as its bankruptcy counsel, and BDO Seidman, LLP and Trenwith Group LLC as its financial advisors.

[2] This letter cannot and does not vary the terms of the Plan, which controls. Also, if any facts or descriptions herein differ from those in the Disclosure Statement, you should rely upon the facts or description therein.

To:  General Unsecured Creditors

Page 2

The Committee encourages you to vote to accept the Plan and return the Ballot that you received by the September 29, 2008 deadline.

Very truly yours,


CENTRAL STATES, SOUTHEAST, AND SOUTHWEST AREAS PENSION AND HEALTH AND WELFARE FUND

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS

TEAMSTERS NATIONAL AUTOMOBILE TRANSPORTERS INDUSTRY NEGOTIATING COMMITTEE

J & J DRIVE-AWAY, INC.